IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JORGE ISAAC BLANDON-RUIZ PETITIONER
A 221-347-162

VS. CIVIL ACTION NO.5:26-CV-733-DCB-BWR

WARDEN, Adams County
Correctional Center RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") [ECF No. 11] of the United States Magistrate Judge entered herein on September 11, 2026, in this action brought pursuant to 28 U.S.C. § 2241. Blandon-Ruiz, a native and citizen of Nicaragua, challenged the duration of his detention during his removal proceedings under the Immigration and Nationality Act. Pet. [ECF No. 1] at 1-2. In the Report, Judge Rath recommended that the Petition [ECF No. 1] be dismissed as moot, without prejudice, and for lack of jurisdiction because Blandon-Ruiz has been removed from the United States. Petitioner, proceeding pro se, has failed to file objections to the Report by his deadline of October 5, 2026.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made.”). Where there are no objections, the Court applies the “clearly erroneous, abuse of discretion and contrary to law” standard of review to the Report and Recommendation. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court has reviewed the Petition [ECF No. 1] and the related filings. And, as stated above, Petitioner did not file objections to the Report. Furthermore, two Orders [ECF Nos. 6 and 7] addressed to Petitioner have been returned to the Court by the U.S. Postal Service marked “undeliverable” and “released.” See [ECF Nos. 12, 13]. Having considered the Report of Judge Rath, the Court adopts his findings and conclusions in full.

In his Report, Judge Rath determined, after a thorough review of the applicable law, that Blandon-Ruiz’s removal moots these proceedings, and thus, the Court lacks jurisdiction to consider the matter. The Court agrees. “Whether a [case] is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy.” Francis v. Lynch, 622 F. App’x 455, 455 (5th Cir. 2015) (citation omitted) (holding that the petitioner’s challenge to the duration of his detention pending removal became moot when he was removed from the United States); see also John v. U.S. Immigration and Customs Enforcement, No. 3:25-CV-1844-B-BW, 2026 WL 569043 (N.D. Tex. Feb. 6, 2026) (dismissing ICE detainee’s § 2241 petition without

prejudice as moot upon evidence of his removal from the United States).

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation be, and the same hereby is, adopted as the finding of this Court. Accordingly, Blandon-Ruiz's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] should be dismissed without prejudice, for lack of jurisdiction, because it is moot. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 9th day of November, 2026.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE